UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES,<br><br>        Plaintiff,<br><br>    v.<br><br>RALBERT BROOKS-HAMILTON,<br><br>        Defendant. | Case No. 05-cr-00631-SI-1<br><br>**ORDER DENYING MOTION TO EXPUNGE CRIMINAL RECORD**<br><br>Re: Dkt. No. 24 |

Defendant has filed this *pro se* motion seeking to expunge records related to his 2005 arrest. *See* Dkt. No. 24. For the reasons discussed below, the motion is denied.

**BACKGROUND**

On October 4, 2005, a federal grand jury indicted defendant on one count of impersonating a foreign diplomat with intent to defraud, in violation of 18 U.S.C. § 915. Dkt. No. 1. A warrant was issued in connection with the indictment and defendant was arrested. *See* Dkt. No. 23 at 2. On February 8, 2006, the government sought leave to voluntarily dismiss the case without prejudice pursuant to Federal Rule of Criminal Procedure 48(a). *See* Dkt. Nos. 21, 22.

On May 11, 2015, Defendant filed a motion to expunge records related to his arrest. Dkt. No. 24. The government filed opposition papers under seal, due to its reliance on protected grand jury matter. *See* Dkt. Nos. 30-33. Pursuant to this Court's order regarding the sealed materials, the government served defendant with an unredacted copy of its opposition. This Court then granted the government's request to extend the time for defendant's reply and to permit defendant to file a supplemental brief addressing the redacted materials. Dkt. No. 36. Defendant subsequently filed two rebuttals to the government's opposition. Dkt. Nos. 38, 42.

**LEGAL STANDARD**

The Ninth Circuit has held that federal courts do not have "inherent power, under equitable principles, to order expungement of criminal records." *United States v. Sumner*, 226 F.3d 1005, 1010 (9th Cir. 2000). Courts do, however, have ancillary jurisdiction to expunge, "limited to expunging the record of an unlawful arrest or conviction, or to correct a clerical error." *United States v. Crowell*, 374 F.3d 790, 793 (9th Cir. 2004) (quoting *Sumner*, 226 F.3d at 1014). Expungement is an "extraordinary remedy" to be used "only in extreme circumstances." *Crowell*, 374 F.3d at 796. Even if a defendant is able to demonstrate that his arrest was unlawful, he must also show that his circumstances are "extraordinary and unusual enough" to merit expungement of his records. *Id.* at 796. Such limits on expunction are necessary to respect "the powers . . . allocated to Congress, the Executive, and the states." *Sumner*, at 1014. Thus, courts will not expunge criminal records for the sole purpose of avoiding collateral consequences, such as to a defendant's immigration status or employability. *Id.*

**DISCUSSION**

In his motion, defendant seeks expungement on two grounds. First, he seeks expungement of "the executive-branch records on equitable grounds." Dkt. No. 24 at 2. Second, he seeks expungement on "legal" grounds, contending that his "arrest or indictment was unlawful or unconstitutional." *Id.* at 4. Defendant cites "very serious negative repercussions [to] his efforts to engage in business" and claims that "the mere appearance that defendant had engaged in conduct that suggest[s] fraudulent misrepresentation on his part[] carries the consequence of imminent or tangible reputational harm." *Id.* at 2-3.

Defendant's argument fails on both grounds. The Ninth Circuit has clearly held that principles of federalism bar federal courts from expunging "an accurate record of a valid arrest" and that the courts lack jurisdiction to expunge records solely for equitable considerations. *Sumner*, 226 F.3d at 1014. Even if this were not so, the courts' jurisdiction to expunge criminal judicial records does not necessarily extend to the expungement of executive records, as "Congress has instructed the executive to maintain certain records." *Crowell*, 374 F.3d at 796 n.6

2

(citations omitted).

Defendant's reliance on "legal expungement" to expunge an unlawful arrest is also unpersuasive. *See* Dkt. No. 24 at 4. Defendant does not meaningfully develop any claim that his arrest was illegal; rather, he erroneously claims that there was "no probable cause to support the indictment" and suggests that this is why the matter was dismissed. *See* Dkt. No. 38 at 2. However, the grand jury indictment is sufficient evidence of the existence of probable cause, and the government's voluntary dismissal does not suggest any illegality. Furthermore, defendant has shown no "extraordinary or unusual" circumstances that warrant expungement. *See id.* at 796. Generalized claims of "negative repercussions" to his business efforts and reputation will not suffice.[1] *See Sumner*, 226 F.3d at 1014-15; *see also United States v. Davis*, No. 05-0757, 2014 WL 935355, at *5 (C.D. Cal. Mar. 10, 2014) (citing *United States v. Smith*, 940 F.2d 395, 396 (9th Cir. 1991)) (finding that general employment problems are not extraordinary and do not warrant expungement).

Finally, in his moving and rebuttal papers, defendant attaches documents to challenge the government's version of the facts of his case. The Court construes these as an attempt to challenge the merits of his indictment, and finds that a motion for expungement is an inappropriate vehicle for doing so. *Cf. Crowell*, 374 F.3d at 796 (finding that a defendant "cannot use a motion for expungement to make an 'end-run' around recognized post-conviction remedies . . . .").

///

///

---

[1] The October 2005 indictment was not the first, or the last, legal proceeding in this Court involving Mr. Brooks-Hamilton. See, e.g., *Brooks, Brooks-Hamilton v. Fairfield Police Department, City of Fairfield*, C 96-3538 CRB; *Brooks-Hamilton v. City of Oakland,* C 04-3468 MMC (appeal from order of Bankruptcy Court in *In re Ralbert Rallington Brooks-Hamilton,* BK 03-44829-LT13); *Brooks Hamilton v. City of Oakland,* C 05-2865 VRW (appeal from order of Bankruptcy Court in same bankruptcy proceeding); and *Brooks-Hamilton v. City of Oakland, et al.,* C 06-6534 MHP.

**CONCLUSION**

For the foregoing reasons, defendant's motion to expunge his criminal record is DENIED.

**IT IS SO ORDERED.**

Dated: September 28, 2015

_____
SUSAN ILLSTON
United States District Judge

4